Colcock, J
This action was brought against the defendant, (whose testator was one of the securities of JohnH. Ferguson, deceased, who was administrator of the estate oí Benjamin Ferguson, deceased,) to recover the amount of a judgment, confessed by the said John H. Ferguson, as administrator aforesaid, to Robert M’Credie, for a debt due to him by Benjamin Ferguson, in his life-time. The judgment was regularly entered up, but no execution was issued thereon. The defendant moves for a new trial in this case, on the ground that the verdict for plaintiff was contrary to law, inasmuch as the said Robert M’Credie was not entitled to recover his debt against the defendant, because the said Robert M’-Credie had never issued execution against the said John H. Ferguson, administrator as aforesaid; who, by his confession of judgment, admitted assets in his hands for payment of the debt of the said Robert M’Credie; and because the said Robert M’Credie was bound by law to have compelled the said John H. Ferguson, or his representatives, to account, or summoned him or them to account before the Ordi- *721 ■¡¡lary for the administration of the estate oí his mtes- ' . , .... tate previously to commencing suit against the secu-Cities, or either of them.
It has been decided, that an administrator cannot be sued, until he be summoned to account to the Ordinary; it is, therefore, clear that the security of the administrator cannot be sued before that proceeding be had against the principal; for all the legal means that could be used, should be exhausted before the security should be made liable.
It was contended, however, that in this case, the judgment being confessed, this is an admission of assets, which is all that could be effected by citing the administrator to appear before the Ordinary. Although this position is not correct; (for the party in accounting would show what assets he had, and thereby furnish information by which the plaintiff might procure payment;) yet, if it were so, still the plaintiff, in the action against the administrator is in my opinion bound to produce a nulla bona in this case, which cannot be done, no execution having ever issued. I am, for these reasons, in favour of the motion for a new trial.
Brevard, J.
This case is submitted upon the brief, which contains a very imperfect statement of facts. It may, however, be collected from the statement that the action was brought upon an administration bond, against the defendant as executor of *722 jo QilpS who was one of the securities in the said bond, given by John H. Ferguson, as administrator of the estate of Benjamin Ferguson, deceased, to recover the amount of a judgment confessed by the said administrator to Robert M,Credie, for a debt due to him by the said intestate; that judgment was regularly entered up, pursuant to the said confession, but no execution thereupon ever issued.
It cannot be collected from the brief whether any further proceedings ever were carried on against the administrator. It may be presumed that none were carried against him, save such as' are stated. It does not appear by the brief, in what manner the-suit upon the administration bond was conducted, and whether in the pleadings, the defendant was or was not charged with a devastavit. It seems,, however, that the plaintiff obtained a verdict as the motion is for a new trial.
The grounds for a new trial assigned in the brief are; 1st, That no execution was ever sued out on the judgment confessed by the administrator; and, 2dly, That the real plaintiff {M’Gredie,) never took measures to compel the administrator to account to the Ordinary, touching the administration of the intestate’s estate, previously to the commencement of his action against the securities of the administrator.
It cannot be collected with certainty from the brief with what particular breach of the condition of the administration bond, the defendant was charged; *723 ■Whether it was for not exhibiting a true and perfect inventory, or for the non-payment of the debt confessed as aforesaid. I will presume that the breach * -lii assigned was the non-payment of the said debt, and that a devastavit was charged; the confession of the administrator was an admission of assets, sufficient to satisfy the debt, and the administrator became answerable to pay the same de bonis propriis, if assets of the intestate could not be found.
But the question is, were the securities of the administrator liable on their bond, without any further proceedings against the administrator, than entering up judgment on his confession. Let it lie admitted, though it does not appear by the brief, that the jury have found the truth of the charge of a devastavit by the administrator, which the defendant might have controverted, if he could; yet how does it appear, that the administrator has failed to satisfy the debt, or has not effects sufficient of his own to do so? The sureties cannot be supposed cognizant of these matters so as to charge them; then it seems reasonable that these facts should be proved, to lay a foundation for a recovery against them, for the neglect or misconduct of their principal. By the English authorities, it seems, no action can be maintained on an administration bond, where the breach assigned thereon is the non-payment of a debt or a devastavit, but only for not exhibiting'a true inventory and account; for, (it is said,) the words of the condition of the bond, he shall well and truly administer,” are construed to apply merely to the *724 bringing in of a true inventory, and account. 4 Burn's E. L. 428. 1 Salk. 315. Toll. 382.
* ^lcWe not compared the English statute on the subject with our act of Assembly; I presume they are alike or nearly so ; yet I am of opinion, such an action is maintainable for failing to pay debts and wasting the intestate’s estate. But an administrator ought not to be presumed deficient in the discharge of his duty, and he ought to have an opportunity of showing that he has performed it. The creditor must not only establish his claim against the intestate’s estate, but he ought to pursue the estate till it is exhausted; or show that it cannot be found, before the administrator’s estate is answerabl -; for an administrator cannot be made personally liable, till it appears certain that there are no assets of the intestate unadministered. This certainty is usually established by an action of debt against the administrator, suggesting a devastavit; at all events, the property of the administrator ought not to be taken to satisfy his intestate’s debts, until a fieri facias has been first sued out upon the judgment against his intestate, and returned by the sheriff nulla bona. 1 Saund. 219. b. note.
If the administrator is not personally liable till after such an execution and return, upon what principle can it be contended that his sureties are liable. Sureties are entitled to the protection of the law; they are only eventually liable, in default of their principal; his default ought to be proved by proper *725 evidence, in a case wherein he is is made a party, and has an opportunity of defending himself; the plaintiff ought to have sued out a fieri facias on the judgment, confessed by the administrator, and if that had been returned nulla bona, he ought next to have proceeded against the administrator, and proved' that he had wasted the assets, before he could be entitled to an action against the sureties. 1 Wash. 31. Braxton vs. Spotsylvania. 1 Cull. 333. Cull vs. Ruffin. 1 Munf. 1. Gordon’s Admrs. vs. the Justices of Frederick. The court of Ordinary might have been applied to, to coerce the administrator to account; and thus the assets might have been ascertained and made answerable. Upon these grounds, I am of opinion that a new trial ought to be granted.
Grimke J. concurred. Case submitted.